J^CLARENCE E. McMANUS, Judge.
At issue in this appeal from the dismissal of a legal malpractice claim is whether the trial judge erroneously dismissed the appeal based on the incarcerated plaintiffs failure to appear for a hearing on certain exceptions. For the following reasons, the judgment dismissing the appeal with prejudice is set aside and the matter is remanded for further proceedings.

FACTS AND PROCEDURAL HISTORY

Plaintiff, Darryl Soileau, (now incarcerated in Cottonport, Louisiana) filed a petition for damages, in proper person, alleging legal malpractice by the attorney, Arcenious F. Armond, Jr., who represented him pursuant to a guilty plea which resulted in his present incarceration. Ar-mond filed exceptions of improper venue, failure to join an indispensable party and insufficiency of service of process and answered the petition. Plaintiff responded by filing a motion to dismiss defendant’s exceptions. A hearing was scheduled for January 8, 2003.
On December 9, 2002, plaintiff filed a writ of habeas corpus and the trial judge signed it the same day. For some reason, plaintiff was not transported to the Twenty-Fourth Judicial District for the hearing. On January 8, 2003, the date of the hearing, plaintiff filed a pleading entitled “motion to re-fix trial on exceptions application for writ of habeas corpus.” The attached order was denied, signed and dated by the trial judge on January 14, 2003, with a notation to “see Judgment |3granting exceptions.” The January 14, 2003, judgment granting defendant’s exceptions stated that plaintiff did not appear at the hearing “nor did he file pleadings to ensure his presence at the hearing.” The trial judge granted the exceptions and dismissed the case with prejudice without addressing the merits of the exceptions. Plaintiff filed this appeal in proper person. Defendant did not answer the appeal.

DISCUSSION

The judgment at issue states that plaintiffs case was dismissed with prejudice based on his failure to appear at the hearing and failure to file pleadings to ensure his appearance. The record does not support that conclusion. Almost one month before the hearing, plaintiff filed "a writ of habeas corpus ad testificandum which the trial judge signed the same day. It seems through no fault of his own that his appearance at the hearing was not effectuated, despite his filing of the necessary pleadings. Additionally, the trial judge did not address the merits of defendant’s exceptions. We conclude based on the record that there was no basis to dismiss the suit simply because plaintiff did not appear at the hearing when he did in fact, file the proper pleadings to ensure his appearance. The trial judge erroneously found to the contrary. Thus, the record does not support the judgment.

CONCLUSION

Based on the foregoing, we set aside the judgment dismissing plaintiffs case and remand this matter for further proceedings.

JUDGMENT SET ASIDE; REMANDED FOR FURTHER PROCEEDINGS.